```
                    UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF NEW HAMPSHIRE
```

Bobby Mataara Owens

    v.                                      Case No. 17-cv-180-SM

U.S. Department of Homeland
Security, Secretary

## REPORT AND RECOMMENDATION

Bobby Owens, a citizen of New Zealand who is in the United States on an expired visa, has been charged with transporting child pornography in the District of Maine. In an action initiated by a pleading captioned "Writ of Mandamus," Owens asks the court to order the U.S. Department of Homeland Security ("DHS") to immediately deport him to New Zealand. Before this magistrate judge for a report and recommendation is defendant's motion to dismiss for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Plaintiff objects. For the reasons that follow, defendant's motion to dismiss should be granted.

## Discussion

Seizing upon language drawn from an Executive Order issued by President Donald Trump, Owens claims that when he was charged with transporting child pornography, he became subject to

immediate deportation.  On several occasions, he asked DHS to
deport him.  So far, DHS has not done so.  In this action, and
in reliance upon both the Administrative Procedure Act ("APA"),
7 U.S.C. § 702, and this court's mandamus jurisdiction, see 28
U.S.C. § 1361, Owens asks the court to order DHS to deport him.
Defendant moves to dismiss, arguing that the court lacks
subject-matter jurisdiction over plaintiff's claim(s).  The
court agrees.

Plaintiff bears the burden of demonstrating that this court
has subject-matter jurisdiction over his claim(s).  See
Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 17 (1st
Cir. 2013) (citing Murphy v. United States, 45 F.3d 520, 522
(1st Cir. 1995)).  However, because neither 7 U.S.C. § 702 nor
28 U.S.C. § 1361 gives this court jurisdiction over plaintiff's
claim(s), he has necessarily failed to carry his burden.  In
this section, the court considers each of the two statutes upon
which plaintiff relies, but begins by describing the Executive
Order on which plaintiff bases his request for relief.

1. **The Executive Order**

In January of 2017, President Trump issued an Executive
Order titled "Enhancing Public Safety in the Interior of the
United States."  Exec. Order No. 137768, 82 Fed. Reg. 8799, 2017

WL 388889 (Jan. 25, 2017). The order explains that "those who overstay or otherwise violate the terms of their visas present a significant threat to national security and public safety," 82 Fed. Reg. at 8799, and that "[t]his is particularly so for aliens who engage in criminal conduct in the United States," id. For that reason, the order provides that "the Secretary of Homeland Security . . . shall prioritize for removal . . . aliens who: . . . (b) have been charged with any criminal offense, where such charge has not been resolved." Id. at 8800. The order concludes with the following caveat:

> This order is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person.

Id. at 8803.

2. **The APA**

The APA provision on which plaintiff relies provides, in pertinent part:

> A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. . . . Nothing herein (1) affects other limitations on judicial review or the power or duty of the court to dismiss any action or deny relief on any other appropriate legal or equitable ground . . . .

3

5 U.S.C. § 702.

Plaintiff claims that he has been aggrieved by DHS's decision not to pursue his deportation after he asked to be deported. The problem with plaintiff's claim is that his request for relief in this forum is barred by a statutory limitation on judicial review. Specifically, the U.S. Code provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g). In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999), the Supreme Court held that § 1252(g) deprived the federal courts of jurisdiction over a claim by several aliens seeking to prevent the initiation of deportation proceedings against them. Plaintiff argues that Reno and its progeny are inapposite because the plaintiffs in Reno were trying to avoid deportation while he is seeking to be deported. That is a distinction without a difference.

In Kit Yee Kitty Li v. Sessions, the plaintiff was an alien with an expired visa who had been convicted of conspiracy to commit money laundering, see 685 F. App'x 593, 594 (9th Cir.

2017). DHS "charge[d] her as removable under 8 U.S.C. § 1182(a)(2)(I), rather than under § 1182(a)(2)(A)(i)(I)." Id. That charging decision mattered to the plaintiff because inadmissibility under the latter statute is subject to a statutory waiver while inadmissibility under the former is not. See id. The plaintiff in Kit Yee Kitty Li claimed that the decision to charge her as removable under one statute rather than the other "was 'arbitrary and capricious' in violation of 5 U.S.C. § 706," id., which is the "[s]cope of review" provision of the APA. In reliance upon both 8 U.S.C. 1252(g) and Reno, the Ninth Circuit held that it "lack[ed] jurisdiction to review the Attorney General's decision not to charge Li as removable under § 1182(a)(2)(A)(i)(I)," 685 F. App'x at 594, explaining that "[t]he decision about whether to seek an immigrant's removal or initiate proceedings is not subject to judicial review," id. Here, plaintiff challenges DHS's decision not to pursue his removal at this time. That decision is not subject to judicial review. Thus, the court lacks subject-matter jurisdiction over plaintiff's APA claim.

**3.  Mandamus**

Plaintiff also relies upon the court's mandamus jurisdiction, which is created by statute and defined in the

following way:

> The district courts shall have original jurisdiction
> of any action in the nature of mandamus to compel an
> officer or employee of the United States or any agency
> thereof to perform a duty owed to the plaintiff.

28 U.S.C. § 1361. The court's lack of subject-matter jurisdiction over plaintiff's request for mandamus relief is plainly demonstrated by the Executive Order on which plaintiff relies. That order expressly provides that it "create[s] [no] right or benefit . . . enforceable at law or in equity . . . against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." 82 Fed. Reg. at 8803. Because the Executive Order on which plaintiff relies expressly disclaims the creation of any right enforceable by plaintiff against defendant, then, necessarily, defendant owed plaintiff no duty. Absent such a duty, the court lacks subject-matter jurisdiction over plaintiff's request for mandamus relief.

## Conclusion

For the reasons described above, this court lacks subject-matter jurisdiction over plaintiff's request for relief, regardless of whether it arises under the APA or is framed as a request for mandamus relief under 28 U.S.C. § 1361. Because the

6

court lacks subject-matter jurisdiction over plaintiff's claim(s), defendant's motion to dismiss, document no. 6, should be granted. See Fed. R. Civ. P. 12(b)(1).

Any objection to this report and recommendation must be filed within 14 days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file an objection within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 5, 2017

cc: Bobby Mataara Owens, pro se
    Terry Ollila, Esq.

7